

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
12/07/2009

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN WOODARD and JACQUELINE WOODARD, | § § | CASE NO. 08-10484 |
| DEBTORS | § § | CHAPTER 7 |

## OPINION AND ORDER
## DENYING THE DISCHARGE OF THE
## STATE COURT JUDGMENT

Upon Motion To Enforce State Court Judgment(s) and Objection to the Dischargeabilty of the debt brought by Mitchell Chaney (herein "Chaney" or "Movant"), and the Court finding that the State Court Judgment was admitted into evidence as Chaney Exhibit "1" at the trial (herein the "State Court Judgment") (a copy of which is attached hereto);  and the Court further finding that it has core jurisdiction over this timely filed objection to the dischargeability of the State Court Judgment, and finding that the adversary rules of procedure have been invoked by request of Chaney and that John Woodard and Jacqueline Woodard were timely and properly notified of the filing of this Objection to Discharge and the trial of this Objection, and having failed to appear and participate therein, the Court makes the following additional findings of fact:

1.      By prior order of this Court, the automatic stay was lifted to allow the State Court to proceed to judgment by a jury on the issues made the basis of the Movant's objection to dischargeability.

2.      As a result of the jury verdict, Movant's claim for fraud and breach of fiduciary duty was liquidated in excess of $4.4 million.

3.      The State Court Judgment includes details of the $2.2+ million check-kiting scheme in which the Debtor(s) was/were engaged.

4. The State Court Judgment and the Charge of the Court Jury Instructions and Answers together establish each element of the objections to dischargeability alleged in the Movant's objections.

**A.   The Judgment**

a. The State Court Judgment was entered on June 4, 2009. It recited that "before trial, the Court entered an Order on Chaney's Motion for Partial Summary Judgment with regard to certain claims at issue in this case.".

b. On October 22, 2008, the Court entered an Order finding that John J. Woodard, Jr. was "liable to Chaney for breaches of fiduciary duties."

c. Accordingly, the Court entered judgment that "Chaney have and recover actual damages from Woodard proximately caused by *fraud* (emphasis added) in the total amount of 2,975,000.00."

d. The Court further entered judgment that "Chaney have and recover exemplary damages from Woodard in the total amount of $1,250,000.00." The Judgment, therefore, was entered on the jury's findings that Woodard had committed actual fraud and for the damages caused thereby. [*See*, State Court Judgment Movant's Trial Exhibit "1"].

**B.   The Charge of the Court, Jury Instructions and Answers:**

a. The Fiduciary Duty: The Court submitted questions of fact to the jury on special issues on February 2, 2009. The Court instructed the jury, "that Woodard owed Chaney fiduciary duties because of the relationship between Woodard and Chaney in Competition Chrysler Dodge Jeep, Competition-RGV, Ltd., and W-C Management, L.L.C."

b. The Jury was also instructed that the Court has already ruled, as a matter of law, that Woodard breached his fiduciary duties to Chaney by engaging in a check kite and other banking activity.

c. The Jury was also instructed that a person breaches his fiduciary duties when he fails:

　　i.   to ensure that the transactions in question were fair and equitable to Chaney;

　　ii.  to make reasonable use of the confidence that Chaney placed in him;

　　iii. to act in the utmost good faith and to exercise the most scrupulous honesty toward Chaney;

　　iv.  to place Chaney's interest before his own, to refrain using the advantage of his position to gain any benefit for himself at Chaney's expense, and to refrain from placing himself in any position where his self interest might conflict with his obligations as a fiduciary to Chaney; or

　　v.   to fully and fairly disclose all important information to Chaney concerning the transactions". [*See*, Movant's Trial Exhibit "2"].

    d. Actual Fraud: A "check kite" is defined as "[t]he illegal practice of writing a check against a bank account with insufficient funds to cover the check, in the hope that the funds from a previously deposited check will reach the account before the bank debits the amount of the outstanding check."

    e. The Jury Verdict: On February 4, 2009, the jury reached a unanimous verdict:

      i. Actual Damages – Breach of Fiduciary Duty: The Jury found, among other things, that Chaney had been damaged by the breach of fiduciary duties by Woodard in the amount of $250,000.00. This amount represented the loss of value in equity in the Competition Chrysler Dodge Jeep dealership.

      ii. Actual Fraud: The jury further found, in a unanimous verdict, that Woodard had committed fraud against Chaney.

      iii. Evidentiary Standard -- Fraud: The jury finding of actual fraud was based on the heightened burden of proof of "clear and convincing evidence," which the Court had defined as "the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established". This is a greater burden of proof than the "preponderance of the evidence" burden required of Plaintiffs in civil cases in Texas.

      iv. Actual Damages – Fraud: The jury found, by unanimous verdict, that the damages proximately caused by the fraud were $2,975,000.00.

      v. Exemplary Damages: The jury further found, by unanimous verdict, that Chaney should be awarded "exemplary damages" against Woodard in the amount of $1,250,000.00. The Court instructed the jury that in accessing any exemplary damages against Woodard, the jury could consider following:

        1. the nature of the wrong;
        2. the character of the conduct involved;
        3. the degree of culpability of Woodard or FNB;
        4. the situation and sensibilities of the parties concerned;
        5. the extent to which such conduct offends a public sense of justice and propriety; and
        6. the net worth of Woodard or FNB.

      vi. The Total Judgment: the total State Court Judgment is $4,475,000.00 together with the interest and costs award provided in the State Court Judgment.

## II.

### Conclusions of Law

1. Chaney timely filed his Motion To Enforce State Court Judgment [a certified copy of which was admitted in evidence and attached hereto as Exhibit "1"] and Objection to the Dischargeabilty of Chaney's Debt pursuant to § 523 of the Bankruptcy Code involving defalcation while acting in a fiduciary capacity. 11 U.S.C. § 523(a)(4).

2. Chaney further timely objected to the dischargeabilty of the debt owed him by Debtors, pursuant to § 523 of the Bankruptcy Code involving fraud in the obtaining of credit. 11 U.S.C. § 523(a)(2)(A).

3. The basis and grounds for this objection to dischargeability are supported by, and res judicata, collateral estoppel and the Rooker Feldman doctrine, will apply to the State Court Judgment in this proceeding and prevents and bars re-litigation of these issues. The Fifth Circuit recognizes these holdings and the application of these rules. *In re Harrison*, 180 Fed.Appx. 485 (5th Cir. 2006) the Fifth Circuit recognized the application of collateral estoppel preventing re-litigation an objection to dischargeability, relying on the bankruptcy Court's reliance on *In re Garner*, 56 F.3d 677 (5th Cir. 1995)[1], and *In re Pankcake*, 106 F.3d 1242 (5th Cir. 1997).

4. Here the matter was tried to a jury with the Debtor in attendance. It is clear from the State Court Judgment that every element establishes the § 523(a)(4) objection. Section 523(a)(4) of the Bankruptcy Code exempts certain debts from discharge: "A discharge ... does not discharge an individual debtor from any debt-for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Defalcation includes the failure to produce funds entrusted to a fiduciary, even where such conduct does not reach the

---

[1] The Fifth Circuit noted by *In re Garner* was abrogated on other grounds by *In re Caton*, 157 F.3d 1026, 1030, n. 18 (5th Cir. 1998).

level of fraud. See *In re Faulkner*, 213 B.R. 660, 664 (Bankr.W.D.Tex.1997); *In re Nicholas*, 956 F.2d 110, 112 – 114) (5th Cir. 1992); *In re Swor*, 2009 WL 3161392 (5th Cir. 2009).

5. In this case, the fiduciary relationship was established and the injury arising from breach of that relationship was proved.

6. The jury also found actual fraud, finding that the proximate cause of the injury was the criminal conduct of the Debtor in the check kiting scheme. Likewise, § 523(a)(2)(A) excepts from discharge any debt

> "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-- (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . ."

7. Finally, the punitive damages are likewise non-dischargeable. U.S. Supreme Court in *Cohen v. De La Cruz*, 118 S.Ct. 1212 (1998) held that the discharge exception for actual fraud, § 523(a)(2), prevents discharge of all liability arising from the debtor's fraud, including treble (punitive) damages and an award for attorney fees and costs, awarded under state law.

8. Accordingly, the total State Court Judgment of $4,475,000.00 is not dischargeable in this bankruptcy case, nor is the interest and costs award provided in the State Court Judgment. The State Court Judgment is final and non-appealable. Debtors have not attempted to appeal the Judgment by filing any post trial pleading in the State Court and this Court previously lifted the automatic stay for all trial or appellate purposes

Dated: December 7 2009

_____
RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE